105 F.3d 663
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Willie James JONES, Appellant.
 No. 96-3357.
 United States Court of Appeals, Eighth Circuit.
 Submitted Dec. 20, 1996.
Decided Jan. 6, 1997.
 
 Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Willie James Jones appeals the 108-month sentence imposed by the district court[1] after he pleaded guilty to one count of distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1). He argues that his base offense level should have been determined using, at most, the weight of cocaine base involved in the five counts of the indictment, rather than including seven unindicted transactions as relevant conduct. We affirm.
 
 
 2
 The district court did not clearly err in finding that the eleven other transactions were relevant conduct under U.S. Sentencing Guidelines Manual § 1B1.3(a) (1995). See United States v. Ballew, 40 F.3d 936, 943 (8th Cir.1994) (standard of review), cert. denied, 115 S.Ct. 1813 (1995). The Guidelines provide that the base offense level "shall be determined on the basis of ... all acts and omissions ... that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S. Sentencing Guidelines Manual § 1B1.3(a)(2) (1995). Furthermore, "in a drug distribution case, quantities and types of drugs not specified in the count of conviction are to be included in determining the offense level if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction." U.S. Sentencing Guidelines Manual § 1B1.3, comment. (backg'd.) (1995).
 
 
 3
 Here, Jones sold cocaine base on twelve occasions within a five-month period in the same geographic area. See U.S. Sentencing Guidelines Manual § 1B1.3, comment (n. 9) (1995) (factors showing same course of conduct include similarity, repetitions, and temporal proximity of acts). The less than three-fold increase in sentencing range that resulted from considering this relevant conduct does not raise due process concerns. See United States v. Galloway, 976 F.2d 414, 426 (8th Cir.1992) (en banc).
 
 
 4
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas